DUSTIN MARBLE *vs.* JOHN S. KEYES.

The owner of different chattels taken by one trespass brought two separate actions for their conversion, the second of which was tried while the jury were consulting upon the first, and, although the first action had not been pleaded in abatement of it, resulted in a verdict for the defendant, under the instructions of the presiding judge, to which the defendant excepted. The jury in the first action returned a verdict for the plaintiff, upon which judgment was rendered and, on exceptions, affirmed by this court. *Held,* that the plaintiff's exceptions in the second action must be overruled.

ACTION OF TORT against the sheriff of Middlesex for the conversion of a wagon and harness, attached by one of his deputies upon a writ against Bailey Marble. Writ dated February 9th 1854.

At the trial in the court of common pleas before *Perkins,* J., the plaintiff claimed title under a bill of sale from Bayley Marble dated January 5th 1854; and put in evidence the writ against Bailey Marble, and the officer's return thereon, showing that he had attached the harness and wagon, and also a stock of goods, included in the bill of sale, and for the conversion of which the plaintiff had brought an earlier action, which was tried next before this, and upon which the jury were then consulting, *ante,* 219. He then rested his case.

The defendant contended that the plaintiff could not maintain more than one action for different articles of property taken by the same trespass, and converted at the same time ; and the

court so ruled. The plaintiff then contended that this objection could only be availed of in abatement; but the court ruled otherwise.

The plaintiff then offered to prove another trespass and conversion of the property sued for, and that the harness and wagon were in a barn a quarter of a. mile from the shop in which the stock of goods was, and could not have been attached at the same time, and that the plaintiff did not know of their attachment until a long time after the commencement of the action for the goods. But the court ruled " that the plaintiff having put in his evidence to show a particular conversion, and having rested his case upon the proof thus offered, would not now, upon this objection being made and ruled upon, be allowed to put in the evidence offered to make out a different conversion."

A verdict was thereupon taken for the defendant, and the plaintiff alleged exceptions, which were argued at the same time with the defendant's exceptions in the other case, *ante*, 219.

*R. B. Caverly*, for the plaintiff.

*B. F. Butler*, for the defendant.

By the Court. The rejection of the evidence offered by the plaintiff after he had rested his case was within the discretion of the presiding judge, and not a. subject of exception. Whatever might have been the position of the plaintiff if he had continued to stand as he did at the time of the trial, we are of opinion that he cannot now prosecute these exceptions. Since this case was given to the jury, a verdict has been returned for the plaintiff in the first case, and he has obtained a judgment thereon in the court of common pleas, and an affirmation of that judgment in this court. That judgment is a bar to this action, and the entry in this case must therefore be

*Exceptions overruled.*